UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN MICHAEL SPINNEY,<br><br>   Plaintiff,<br><br> vs.<br><br>CHAZ LEE GRAY, et al.,<br><br>   Defendants | Civil No. 17-00061-NT |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL (DEFENDANT CHAZ GRAY)**

  Defendant Chaz Gray, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

### I. Previous Lawsuits

  A. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

  B. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph (including all subparts) of Plaintiff's Complaint and, accordingly, denies same.

### II. Place of Present Confinement

  The Defendant denies the Plaintiff is currently confined at the Penobscot County Jail.

  A. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    B.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    C.

        1. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

        2. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### III. Parties

    A.    The Defendant denies the Plaintiff is currently confined at the Penobscot County Jail.

    B.    The Defendant admits that he is employed by Penobscot County as a corrections officer working at the Penobscot County Jail.

    C.    The Defendant admits that the additional defendants are or were employed by Penobscot County to work at the Penobscot County Jail.

### IV. Statement of Claim

#### Introduction

The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**Jurisdiction**

1. The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

2. The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**Parties**

3. The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

4. The Defendant admits the allegations contained in the first sentence of this paragraph of Plaintiff's Complaint. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

5. The Defendant admits Boulier is a sergeant at the Penobscot County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

6. The Defendant admits Golden is a lieutenant and assistant administrator at the Penobscot County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

7. The Defendant admits Clukey is a captain and administrator at the Penobscot County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

8. The Defendant admits Sheehan is a chief deputy at the Penobscot County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

9. The Defendant admits Morton is sheriff of Penobscot County. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

10. The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## Exhaustion of Administrative Remedies

11. The statements contained in this paragraph of the Plaintiff's Complaint constitute legal assertions to which a response is not required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## Facts

12. The Defendant admits that on June 19, 2016 he ordered the occupants of C-Block – including the Plaintiff – to lock down. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

13. The Defendant admits that he repeated his order to lock down after the Plaintiff stopped to manipulate the TV. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

14. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

15. The Defendant admits that he advised the Plaintiff that, by his conduct, he was likely to be moved out of C-Block. The Defendant is without sufficient information

or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

16. The Defendant admits that the Plaintiff called him a "piece of shit" and "a clown." The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

17. The Defendant admits that he opened the Plaintiff's cell door and advised him to pack his stuff as he was going to be moved. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

18. The Defendant admits that he called a "code 1000" after the Plaintiff refused to follow the Defendant's order, refused to be moved, and squared off toward the Defendant. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

19. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

20. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

21. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

22. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

23. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

24. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

25. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

26. The Defendant admits that he and other officers escorted the Plaintiff to intake. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

27. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

28. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

29. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

30. The Defendant admits that as a result of the Plaintiff's behavior on June 19, 2016, he wrote the Plaintiff up for violating Jail rules.

31. The statements contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

32. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

33. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

34. The Defendant admits that he has trained for mixed martial arts. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

35. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

36. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

37. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

38. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

39. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### Claims of Relief

40. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

41. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

42. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

43. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

44. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

45. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**V.    Relief**

A.    Issue a Declaratory Judgement stating that:

The statements contained in this paragraph of the Plaintiff's Complaint (including all sub-parts) do not constitute assertions of fact to which a response is

required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint (including all sub-parts) and, accordingly, denies same.

     A.    [sic] Award Compensatory Damages jointly and severally against:

The statements contained in this paragraph of the Plaintiff's Complaint (including all sub-parts) do not constitute assertions of fact to which a response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint (including all sub-parts) and, accordingly, denies same.

     B.    [sic] Award Punitive Damages against:

The statements contained in this paragraph of the Plaintiff's Complaint (including all sub-parts) do not constitute assertions of fact to which a response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint (including all sub-parts) and, accordingly, denies same.

     C.    [sic] Grant such other relief as it may appear that Plaintiff is entitled.

## AFFIRMATIVE DEFENSES

     1.    The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

     2.    The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

     3.    No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 and 8108.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C), (D) and (E).

6. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

7. The Plaintiff's own conduct was the sole or a contributing cause of any injuries that he claims in this matter.

8. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

9. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents or employees.

10. The Plaintiff's claims are barred for the reason that the Defendant's conduct does not constitute deliberate indifference or conduct which is shocking to the conscience.

11. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

12. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

13. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

14. To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

15. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

16. The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

17. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate his damages.

18. The Plaintiff's Complaint is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915.

19. The Plaintiff's claims are barred, in whole or in part, by the exhaustion of remedies provisions in 42 U.S.C. § 1997(e). *Porter v. Nussle*, 534 U.S. 516 (2002).

20. The Plaintiff's claims are barred, in whole or in part, to the extent they are not based upon physical injury.

21. The Plaintiff's Complaint, in whole or in part, fails to state a cognizable claim under the Prison Litigation Reform Act.

22. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint or conditions that followed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Chaz Gray demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 17th day of May, 2017.

> Attorneys for Defendant Chaz Gray
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
>
> BY:  /s/ John J. Wall, III
> John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017, I electronically filed **Answer to Complaint and Affirmative Defenses and Demand for Jury Trial (Defendant Chaz Gray)** using the CM/ECF system, which will effect service on all registered parties of record.  In addition, I hereby certify that I have served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

> Jonathan Spinney
> 66 Pleasant Street
> Milford, ME  04461

Dated at Portland, Maine this 17th day of May, 2017.

> Attorneys for Defendant Chaz Gray
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
>
> BY:  /s/ John J. Wall, III
> John J. Wall, III