# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| JONATHAN MICHAEL SPINNEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:17-cv-00061-NT |
| | ) | |
| CHAZ LEE GRAY, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS

In this action, Plaintiff Jonathan Spinney alleges that Defendants violated his federal rights while Plaintiff was incarcerated in the Penobscot County Jail. The matter is before the Court on Defendant Gray's Motion to Dismiss for Failure to Comply with the Court's Discovery Order. (ECF No. 22.) Defendants Boulier, Clukey, Golden, Morton, and Sheehan joined Defendant Gray in moving for dismissal. (ECF No. 23.)

Following a review of the docket and after consideration of Defendants' arguments, I recommend the Court grant the motion.

## Background

Plaintiff filed his complaint on February 15, 2017. On March 17, 2017, Plaintiff notified the Court that he had been released from custody and provided a new address in Milford, Maine. (ECF No. 7.) On May 19, 2017, the Court issued a scheduling order, which established a discovery deadline of October 6, 2017. (ECF No. 12.)

The record reflects that Defendant Gray served Plaintiff with interrogatories and a request for production of documents on June 7, 2017. Because Defendant Gray did not receive responses to the discovery requests, Defendant requested a conference with the Court in accordance with Local Rule 26(b). The Court scheduled a telephonic conference for September 5, 2017, with notice to the parties. Defendants appeared telephonically for the conference; Plaintiff did not appear. Based on Plaintiff's failure to participate in the conference, the Court authorized Defendants to file a motion to compel discovery and for sanctions.

On September 6, 2017, Defendant Gray filed a motion to compel discovery and for sanctions. On September 11, 2017, Defendants Boulier, Clukey, Golden, Morton, and Sheehan joined in Defendant Gray's motion, and explained that Defendant Gray initiated the discovery after conferring with their counsel. (ECF No. 16.) Defendants asserted that Plaintiff has not communicated with them about the outstanding discovery. Plaintiff did not file a response to the motion to compel.

Upon consideration of the motion to compel, the Court granted the motion and ordered Plaintiff to serve upon Defendants complete responses to their discovery requests, on or before December 1, 2017. (Order on Motion to Compel and for Sanctions, ECF No. 20.) The Court also notified Plaintiff that his failure to do so could result in the dismissal of his complaint. (*Id.*)

Defendant Gray filed the motion to dismiss on January 3, 2018. (ECF No. 22.) Defendants Boulier, Clukey, Golden, Morton, and Sheehan joined in Defendant Gray's motion on January 8, 2018. (ECF No. 23.) Through their motions, Defendants represent

that Plaintiff has failed to provide Defendants with a response to their discovery requests and thus has failed to comply with the Court's Order on Motion to Compel and for Sanctions. Plaintiff did not file a response to the motion to dismiss.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), a court is authorized to dismiss an action as a sanction for a party's failure to obey an order to provide or permit discovery. Dismissal as a sanction should be used cautiously. "Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent." *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)).

In addition "[i]n order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). "A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure

3

to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 F. App'x 638, 640 (1st Cir. 2004). When considering an appropriate sanction for the failure to prosecute, a court "should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young*, 330 F.3d at 81.

In this case, given Plaintiff's failure to communicate with Defendants and the Court, a sanction other than dismissal, such as a monetary fine or the preclusion of particular claims or evidence, would not assist in the orderly progression of the case on the docket. Insofar as Plaintiff failed to respond to Defendants' discovery requests, failed to participate in a scheduled telephonic hearing to address the lack of response to the discovery requests, and failed to comply with the Court's order directing Plaintiff to respond to the discovery requests, Plaintiff has repeatedly demonstrated a lack of regard for the Court process and his obligations as a litigant. Plaintiff's complete failure to engage in the process warrants dismissal with prejudice.

**Conclusion**

Based on the foregoing analysis, I recommend that the Court grant the Motion to Dismiss (ECF No. 22), and dismiss the action with prejudice.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of January, 2018.